Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUL 23 2025
U.S. DISTRICT COURT
ELKINS WV 26241

Matthew Hayden Bays
*Your full name*

STATE CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983

v. STEPHEN C. BAIER
RICK CLAYTON
EDWARD P. RYAN JR.
RYAN H. BRUFFY
DWAYNE C. VANDEVENDER
ANDREW B. CHATTIN

Civil Action No.: 2:25cv16
*(To be assigned by the Clerk of Court)*

Kleeh / Aloi

*Enter above the full name of defendant(s) in this action*

## I. JURISDICTION

This is a civil action brought pursuant to **42 U.S.C. § 1983**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II. PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.    Your Name: MATTHEW HAYDEN BAYS
        Inmate No.: 3455288
        Address: 1100 HODAM CR. RD, HACKER VALLEY, WV 26222

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

    B.    Name of Defendant: STEPHEN C. BAIER

Attachment A

Position: SARGENT, WEST VIRGINIA STATE TROOPER
Place of Employment: STATE of WEST VIRGINIA
Address: 5525 WEBSTER RD, UPPERGLADE, WV 26266

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: ON 06/15/2022, 2:48 PM HE ARRIVED AT MY RESIDENCE AT 1100 HODAM CR. RD, HACKER VALLEY, WV IN A STATE POLICE CRUIZER IN FULL WVST UNIFORM AND IDENTIFIED HIMSELF AS Corpl. STEPHEN BAKER.

B.1   Name of Defendant: RICK CLAYTON
Position: SHERIFF, WEBSTER COUNTY, WV
Place of Employment: WEBSTER CO. SHERIFF'S DEPT.
Address: 2 COURT SQUARE G3, WEBSTER SPRINGS, WV 26288

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: ON 06/15/2022, 2:48 PM HE ARRIVED AT MY RESIDENCE IN A WEBSTER CO. SHERIFF BLAZER AND IDENTIFIED HIMSELF AS RICK CLAYTON, WEBSTER CO. SHERIFF.

B.2   Name of Defendant: EDWARD P. RYAN JR.
Position: F.B.I SPECIAL AGENT
Place of Employment: CLARKSBURG, WV
Address: 320 PIKE ST., CLARKSBURG, WV 26301

Attachment A

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: ON 06/15/2022, 2:48PM HE ARRIVED AT MY RESIDENCE WITH Cpl. STEPHEN BAKER (WVST) IN THE TROOPERS TRANSPORT AND IDENTIFIED HIMSELF AS "SPECIAL AGENT IN CHARGE" IN FULL UNIFORM

B.3   Name of Defendant: RYAN H. BRUFFY
Position: WEBSTER CO. MAGISTRATE
Place of Employment: WEBSTER CO. MAGISTRATE COURT
Address: 112 BELL ST., SUITE A, WEBSTER SPRINGS, WV 26724

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: HE ISSUED AND SIGNED AN ORDER REMANDING TO THE CUSTODY OF CRJ, SUTTON, WV ON 06/15/2022.

B.4   Name of Defendant: DWAYNE C. VANDEVENDER
Position: BRAXTON COUNTY, WV PROSECUTING ATTORNEY
Place of Employment: BRAXTON CO, WV PROSECUTORS OFFICE
Address: 400 MAIN ST. SUTTON, WV 26601
(FORMER WEBSTER CO, WV PROSECUTOR)

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: HE FORMALLY CHARGED ME PURSUANT TO WV CODE 61-06-24(b), TERRORIST THREATS

Attachment A

AND WAS THE ARCHITECT OF TWO GRAND JURY INDICTS AGAINST ME.

B.5 Name of Defendant: ANDREW B. CHATTIN
Position: ATTORNEY-AT-LAW, PUBLIC DEFENDER (WV)
Place of Employment: WEST VIRGINIA
Address: P.O. BOX 3547, CHARLESTON, WV 25335

Was this Defendant acting under the authority or color of state law at the time these claims occurred? ☒ Yes ☐ No

If your answer is "YES," briefly explain: HE WAS APPOINTED BY THE STATE of WV AS MY PUBLIC DEFENDER FOR A FELONY CRIMINAL CHARGE. HIS ACTIONS CLEARLY DEMOSTATE HE WAS COMPLICET WITH RYAN BRUFFY AND WAS OPERATING IN THE INTREST OF THE STATE.

III. PLACE OF PRESENT CONFINEMENT

Name of Prison/Institution: CENTRAL REGIONAL JAIL, SUTTON, WV

A. Is this where the events concerning your complaint took place?
☐ Yes ☒ No

If you answered "NO," where did the events occur?
1100 HODAM CREEK RD., HACKER VALLEY, WV 26222

B. Is there a prisoner grievance procedure in the institution where the events occurred? ☐ Yes ☒ No

C. Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure? ☐ Yes ☒ No

D. If your answer is "NO," explain why not IT NEVER OCCURED IN PRISON

Attachment A

E.  If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES**:

LEVEL 1 _____

LEVEL 2 _____

LEVEL 3 _____

IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☒ Yes    ☐ No

B.  If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.  Parties to this previous lawsuit:

    Plaintiff(s): MATTHEW HAYDEN BAYS
    Defendant(s): S.C BAIER, R. CLAYTON, D.C. VANDEVENDER

2.  Court: WV Legislative Claims Comission, Kanawha, CO.
    (If federal court, name the district; if state court, name the county)

3.  Case Number: CC-25-0006

4.  Basic Claim Made/Issues Raised: NO WARRANT, NO PROBABLE CAUSE, NO EVIDENCE TO SUPPORT CHARGE, UNLAWFUL ARREST AND INCARCERATION, DEPRIVATION OF MY RIGHTS

5.  Name of Judge(s) to whom case was assigned: COMMISIONER MARTIN

6. Disposition: __DISMISSED (LACK OF JURISDICTION)__
   *(For example, was the case dismissed? Appealed? Pending?)*

7. Approximate date of filing lawsuit: __JANUARY 9, 2025__

8. Approximate date of disposition. **ATTACH COPIES**
   __JUNE 4, 2025__

C. Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?    ☐ Yes    ☒ No

D. If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.
   __IT WAS NOT AVAILABLE TO ME.__

E. Did you exhaust available administrative remedies?    ☐ Yes    ☒ No

F. If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.
   __I WAS NOT INCARCERATED AT THE TIME.__

G. If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

**Attachment A**

1. Parties to previous lawsuit:

    Plaintiff(s): _____

    Defendant(s): _____

2. Name and location of court and docket number:

    _____
    _____

3. Grounds for dismissal:  ☐ frivolous   ☐ malicious
    ☐ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _____

5. Approximate date of disposition: _____

## V. STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case. Describe what <u>each</u> defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)*

CLAIM 1: ON 06/15/2022, 2:48 PM S.C. BAIER AND R. CLAYTON ARRESTED ME AT MY RESIDENCE WITH NO WARRANT, PROBABLE CAUSE OR EVIDENCE WHILE IN POSSESSION OF EVIDENCE I COMMITTED NO CRIME.

Supporting Facts: THE FINDINGS OF SA RYANS INVESTIGATION DETERMINED I WAS FALSLY ACCUSED. THE EGUARDIAM AND SENTINEL STA FINDINGS WERE NEGATIVE (NO NEXUS TO CRIMINAL OR TERRORIST ACTIVITIES). THESE DOCUMENTS WERE TRANSMITTED TO WJUST BAIER BY AGENT RYAN ON 6/13/2022.

**Attachment A**

CLAIM 2: S. BAIER, DID, ON 06/15/22, WITHOUT WARRANT OR PROBABLE CAUSE ENTER MY RESIDENCE AT 1100 HOOAM CR. RIO HACKERVALLEY, WV AND SEIZE 6 LEGALLY OWNED FIREARMS WITHOUT GIVING ME AN INVENTORY RECEIPT AND DROPPED
Supporting Facts: THEM OFF AT MY NEIGHBORS, WHO HAS SOLD THEM. BODY-CAM FOOTAGE OF THE THEFT AND TESTIMONY DOCUMENTED IN A PRE-TRIAL TRANSCRIPT.

CLAIM 3: RICK CLAYTON DID, ON 06/15/22 UNLAWFULLY ENTER MY HOME AND SEIZE LAWFULLY OWNED FIREARMS (6) WITHOUT INVENTORY RECEIPT AND GAVE THEM TO MY NEIGHBOR. I STILL HAVE NOT BEEN RETURNED
Supporting Facts: MY FIREARMS. BODY-CAM FOOTAGE, PRE-TRIAL TESTIMONY

CLAIM 4: AGENT RYAN, ON 06/14/22, AT THE PROSECUTIONS REQUEST, TRANSMIT THE FINDINGS OF HIS INVESTIGATION AND eGUARDIAN STA FINDING OF NEGATIVE TO BILL McCOURT, ASSISTANT PROSECUTING ATTORNEY, WEBSTER CO, WV
Supporting Facts: F.B.I. CHAIN OF CUSTODY DOCUMENTATION AND A REPORT IN AGENT RYANS 302S.

CLAIM 5: RYAN H. BRUFFY, DID, IN VIOLATION OF NUMEROUS STATE AND FED. LAWS, ABA RULES, CODE OF PROFESSIONAL CONDUCT RULES AND MY 4th AND 14th Constitutional RIGHTS, UNLAWFULLY IMPRISON ME (LOSS OF LIBERTY), DENIED ME DUE PROCESS
Supporting Facts: COUNTERMAN Vs Colorado (USSC) RULED THE STATUE AND THE VIOLATED MY 1st AMENDANT RIGHTS. THE RECORDS OF HIS OFFICE BEAR WITNESS TO MULTIPLE CONTINUANCES OF MY PRELIM. HEARING WITHOUT MY KNOWLEDGE OR CONSENT, ULTIMATELY DENYING ME ANY HEARING.

VI. <u>INJURY</u>

Attachment A

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

LOST WAGES AND FUTURE WAGES, SECURITY CLEARANCES, REPUTATION, MY DIGNITY, SENSE OF SECURITY, EMOTIONAL DISTRESS, 205 DAYS UNLAWFUL CONFINEMENT, 802 DAYS UNDER INDICTMENT (UNLAWFUL SEIZURE) LOSS OF THOUSANDS OF DOLLARS IN TOOLS, CREDIT RATING DESTROYED, LOSS OF 401K AND PROFIT SHARING, MY RELATIONSHIP WITH MY DAUGHTER DAMAGED, CONSTANT EXPOSURE TO GANG VIOLENCE AND COVID FOR 205 DAYS

VII. **RELIEF**

State **BRIEFLY and EXACTLY** what you want the Court to do for you.
*Make no legal arguments. Cite no cases or statutes.*

I WANT TO BE MADE WHOLE, COMPENSATED FOR THE LOSS OF WAGES, FUTURE EARNING, 407 DAYS OF UNLAWFUL SEIZURE (LOSS OF LIBERTY) LOSS OF MY DIGNITY, PROFESSIONAL AND PERSONAL REPUTATION, STATE TO EXPUNGE MY RECORD AND PAY FOR IT, PAY ME FOR LOSS OF CREDIT RATING, AND STEPHEN C. BAIERS NAME ADDED TO THE BRADY LIST FOR VIOLATION OF 18 USC 1001

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at 1100 HORAN CR. RD., HACKER on 07/17/2025
(Location) VALLEY, WV 26222   (Date)

*Matthew H. Raup*
Your Signature

(304) 370-4840

<u>CLAIM 6</u>: DWAYNE C. VANDEVENDER, DID, IN VIOLATION OF MY CONSTITUTIONAL RIGHTS (1st AMEND, 4th Amend, 5th Amend. and 14th AMEND.), NO LAWFUL WARRANT, ANY PROBABLE CAUSE, NO EVIDENCE TO SUPPORT ANY ELEMENT OF THE STATUE CHARGED AND IN POSSESION OF EXCULPATORY EVIDENCE OF MY INNOCENCE (FED. INVEST. FINDINGS) ARCHITECT A CASE TO THE GRAND JURY AND PURSUED MALICIOUS PROSECUTION AGAINST ME THROUGH TWO INDICTMENTS.

<u>SUPPORTING FACTS</u>: THE FINAL DISPOSITION OF BOTH INDICTMENTS (DISMISSED). THE RULING OF THE U.S.S.C (COUNTERMAN V. COLORADO) AGENT RYANS INVESTIGATION FINDINGS.

<u>CLAIM 7</u>: DWAYNE C. VANDEVENDER FAILED TO DISCLOSE EXCULPATORY EVIDENCE OF MY INNOCENCE AND THE UNLAWFUL SEIZURE OF MY FIREARMS TO THE GRAND JURY.

<u>SUPPORTING FACTS</u>: IN PRE-TRIAL TRANSCRIPT THE PROSECUTION PETITIONS THE JUDGE (JACK ALSOP) TO ALLOW THE WEAPONS TO BE PRESENTED TO THE JURY AS EVIDENCE BUT NOT THE FACT THAT THEY WERE UNLAWFULLY SEIZED, WITHOUT A WARRANT, NO INVENTORY RECEIPT AND THAT I WAS IN LAWFUL POSSESION OF THE WEAPONS. "FRUITS OF THE POISONOUS TREE"

<u>CLAIM 8</u>: DWAYNE C. VANDEVENDER WITHELD/SUPPRESSED EXCULPATORY EVIDENCE. I FILED THREE MOTIONS TO PRODUCE AGENT RYANS BODY-CAM FOOTAGE OF 06/15/22 FROM MY ARREST. HIS OFFICE NEVER ACKNOWLEDGED

(4)

SUPPORTING FACTS: MOTIONS FILED WITH THE CIRCUIT CLERK AND NO REPLY EVER FILED FROM THE PROSECUTION'S OFFICE

CLAIM 9: S. BAIR, DID, WITH WILLFUL, RECKLESS DISREGARD FOR THE TRUTH TRANSMIT FALSE AND MISLEADING STATEMENTS TO AGENT RYAN IN BELLIGERENT VIOLATION OF 18 USC 1001. NOT ONLY DID HE FALSELY CLAIM THAT RYAN BRUFFY HELD A PROBABLE CAUSE HEARING HE DESCRIBED MY 'DISRUPTIVE' BEHAVIOR IN THIS FICTITIOUS HEARING, THAT NEVER HAPPENED. FABRICATION OF EVIDENCE, FALSE STATEMENTS TO DENY ME DUE PROCESS.

SUPPORTING FACTS: NO RECORD OR RECORDING EXISTS IN MY CASE FILE OF THIS FICTITIOUS HEARING. THE FALSE REPORT IS DOCUMENTED IN AGENT RYAN'S FINAL DISPOSITION REPORT.

CLAIM 10: S. BAIER DID TRANSMIT A FALSE STATEMENT TO AGENT RYAN CLAIMING HE HAD VIDEOED A CONFESSION AT MY BOOKING AT THE STATE TROOPER BARRACKS IN SUTTON.

SUPPORTING FACTS: AGENT RYAN'S REPORT.

CLAIM 11: ANDREW B CHATTIN ACTIONS, AND LACK OF ACTIONS BEAR WITNESS TO INEFFECTIVE COUNSEL OF AN EGREGIOUS MANNER IN THAT HE HAD NO COMMUNICATION WITH ME FROM 6/23/22 - 9-6-22 DURING WHICH TIME HE NEITHER INFORMED ME NOR HAD MY CONSENT TO FILE MOTIONS ON MY BEHALF,



2

<u>ATTACHMENT A</u>

AND DID, ON 7/12/22, FILE A MOTION 'IN MY BEHALF', "ON BEHALF OF THE PROSECUTION TO GIVE THEM MORE 'TIME FOR INVESTIGATION', WITHOUT MY KNOWLEDGE OR CONSENT. THIS CLEARLY WAS AN ACTION ON BEHALF OF THE INTEREST OF THE STATE, NOT HIS CLIENT. SUPPORTING FACTS: COURT DOCUMENTS, AND MY CONSTITUTIONALLY GURANTEED RIGHT TO NOT ONLY COUNSEL, BUT ~~EFFECTIVE~~ EFFECTIVE COUNSEL.

<u>CLAIM 12</u>: AS THIS IS <u>NOT</u> A BIVENS CLAIM, I DID NOT NAME AGENT RYAN IN THIS CLAIM WITH THE INTENTION THAT HE DEPRIVED ME OF ANY CONSITUTIONAL RIGHTS. AS THE SPECIAL AGENT IN CHARGE OF INVESTIGATING MY CASE THERE ARE CASE-LAW PRECEDENTS IF THE FED. AGENTS CONNECTION TO THE CLAIM IS MATERIAL. AS THE AGENT IN CHARGE OF AN INVESTIGATION THAT PROVE THE ALLEGATION AGAINST ME FALSE, AND NO NEXUS TO CRIMINAL OR TERRORIST ACTIVITY, IT IS MY OPINION THAT HIS TESTIMONY AND BODY-CAM FOOTAGE <u>IS</u> MATERIAL, AND NECESSARY IN THE NAME OF TRUTH AND JUSTICE.

(3)

SUPPORTING FACTS: CASE FILES, PRE-TRIAL TRANSCRIPTS, BODY CAM FOOTAGE, FBI INVESTIGATION FINDINGS, DISMISSALS, WV ATTORNEY GENERALS FINDINGS OF "FACTUAL ALLEGATIONS" IN MY CLAIM IN THE LEGISLATIVE CLAIMS COMMISION COURT. THIS WAS CONSPIRED AND CARRIED OUT UNDER COLOR-OF-LAW BY THESE INDIVIDUALS. THERE IS MUCH MORE THAN A "CASUAL CONNECTION" OF THE ACTIONS OF THESE STATE ACTORS.